1

2

3

4

5                    **UNITED STATES DISTRICT COURT**

6                    **EASTERN DISTRICT OF CALIFORNIA**

7

8    MIGUEL KERCHERVAL,                    CASE NO. 1:15-CV-845-SMS

9                     Petitioner,          ORDER DENYING PETITION FOR WRIT
                                           OF HABEAS CORPUS
10           v.

11   RAFAEL ZUNIGA, WARDEN,

12                    Respondent.

13

14           Petitioner Miguel Kercherval is a federal prisoner proceeding *pro se* and *in forma pauperis*

15   with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Doc. 1. Petitioner

16   challenges the calculation of his sentence. This Court screened the amended petition and, without

17   addressing the merits, concluded that it was not plain from the allegations that Petitioner is not

18   entitled to relief and directed Respondent to file a response. Doc. 9. The matter has been fully

19   briefed and the Court now addresses the merits of the petition.  Docs. 1, 14, 15. The parties have

20   consented to magistrate judge jurisdiction. Docs. 5, 7.

21   **I.      BACKGROUND**

22           Petitioner is currently serving two concurrent federal sentences. He was held in pre-trial

23   federal custody of the U.S. Marshall Service (USMS) from October 2006 to December 2007,

24   when was sentenced to 87 months of imprisonment after pleading guilty to one count of bank

25   robbery in the Nevada District Court. USMS continued to hold Petitioner in custody. In January

26   2008, USMS transferred Petitioner to the Eastern District of California, where he pled guilty to

27   three counts of bank robbery and one count of bank robbery and assault, and, in November 2008,

28   was sentenced to 188 months of imprisonment. The trial judge ordered the California sentence to

be served concurrently with the Nevada sentence. Petitioner was committed to the Federal Bureau of Prisons (BOP) custody to serve both sentences in December 2008.

The BOP calculated his aggregate sentence according to its "Sentence Computation Manual," by calculating the first sentence by adding that term to the date the sentence was imposed, then calculating the second sentence by adding that term to the date on which it was imposed. The aggregate term was then calculated to be the difference between the earliest commencement date and the latest full term date. Applicable pretrial and good conduct credits were applied. Petitioner was given pretrial credit for the October 2006 to December 2007 time period spent in custody prior to imposition of the Nevada sentence. This time was credited against his Nevada sentence. Petitioner was also given credit for one day for his arrest in September 2006.

Petitioner now argues that, according to the relevant statute, his Nevada sentence did not "commence" until he was ultimately committed to BOP custody in December 2008. He argues, therefore, that the time spent in custody from December 2007, when his Nevada sentence was imposed, to December 2008, when he was committed to BOP custody to serve his sentences, should not be calculated as time serving the Nevada sentence but should be treated as pretrial custody for the California sentence and should be credited against the California sentence. Petitioner argues that the BOP calculation, which designates that the aggregate sentence begin on the date the first sentence was imposed, rather than when the first sentence "commenced," is contrary to the law. According to Petitioner's calculation, his aggregate term would conclude 370 days earlier than the BOP's current projected release date.

## II.    JURISDICTION

A claim challenging the manner, location, or conditions of a sentence's execution must be brought under 28 U.S.C. § 2241. *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000). A challenge to the manner in which a sentence is executed must be brought in a habeas petition pursuant to 28 U.S.C. § 2241. *Tucker v. Carlson*, 925 F.2d 330, 331 (9th Cir. 1991) (concerning whether the parole commission had improperly failed to credit the prisoner's federal sentence with time served in state custody). Therefore, this Court has jurisdiction over Petitioner's claims regarding pretrial credit, which concern the execution of his sentence.

Respondent concedes that venue is proper in this district because Petitioner is presently confined at FCI Mendota, which is within the venue of the Eastern District of California. Respondent concedes that Rafael Zuniga, the current warden at FCI Mendota is the proper respondent. Respondent also concedes that Petitioner has exhausted administrative remedies for his claim concerning sentence computation.

### III.   APPLICABLE LAW

Petitioner largely relies upon the language of 18 U.S.C. § 3585, which provides that "A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). A defendant is given credit "for any time spent in official detention prior to the date the sentence commences" "as a result of the offense for which the sentence was imposed" as long as that time has not been credited against another sentence. 18 U.S.C. § 3585(b)(1).

In addition, authority to compute a federal prisoner's sentence is delegated to the United States Attorney General, who exercises this authority through the BOP. *United States v. Wilson*, 503 U.S. 329, 334-35 (1992). The BOP operates under "detailed procedures and guidelines for determining the credit available to prisoners." *Id*. at 335. A defendant may not receive double credit for detention. *Id*. at 337; and 18 U.S.C. § 3585(b).

### IV.   DISCUSSION

Petitioner mainly clings to the term "commences" in 18 U.S.C. § 3585(a), arguing that his Nevada sentence did not "commence" until he was received into BOP custody and sent to the official detention facility at which his sentence was to be served. He points to caselaw reiterating this standard which exclusively deals with the commencement of federal custody versus state custody. *See e.g*., *Taylor v. Reno*, 164 F.3d 440, 445 (9th Cir. 1998). In this case, the issue is not what date Petitioner's aggregate sentence "commenced." The issue is whether BOP's calculation of Petitioner's aggregate sentence according to its policies runs afoul of federal law.

First, 18 U.S.C. § 3585(b) allows Petitioner to be given credit for any time spent in official detention prior to the sentence's commencement. Even if Petitioner were correct in his assertion

1    that his Nevada sentence imposed in December 2007 did not commence until being committed to

2    BOP custody in December 2008, a reasonable interpretation of the language of the statute could be

3    that Petitioner's time spent following the Nevada sentence imposition but before being committed

4    to BOP custody was awaiting commencement of the Nevada sentence and should therefore be

5    credited against his Nevada sentence. Indeed, if Petitioner had not been convicted in the California

6    district court, the time spent between the date his sentence was imposed and the date committed to

7    BOP custody would be credited toward the Nevada sentence. There is no reason that this post-

8    sentence but pre-commencement time must be credited toward the California sentence. This

9    interpretation of crediting the pre-commencement time in official custody against the Nevada

10   sentence would result in the same release date pursuant to the BOP calculation. Thus, Petitioner

11   has not met his burden to show that the BOP calculation is incorrect.

12        Further, once a sentence is imposed, "it is artificial to maintain that custody nonetheless

13   retains its preconviction character, that it remains conditional, unsettled, still dependent upon […]

14   a trial court's eventual disposition of other charges not yet adjudicated. *Shelvy v. Whitfield*, 718

15   F.2d 441, 444 (D.C. Cir. 1983). It would be contrary to common sense to treat Petitioner's time

16   spent in custody after the Nevada sentence imposition as pretrial credit because it was served

17   while awaiting the disposition of the California case. Petitioner had already been sentenced to an

18   87-month term in federal prison. He was transferred to California to face an indictment there.

19   When a state prisoner is temporarily in federal custody for writ of habeas corpus *ad*

20   *prosequendum*, the state retains jurisdiction and the time spent in federal custody cannot count

21   against a federal sentence. *Thomas v. Brewer*, 923 F.2d 1361, 1367 (9th Cir. 1991). Following the

22   same principle, Petitioner's Nevada sentence did not pause while Petitioner was transferred to

23   California awaiting disposition of his California charges. Any time spent in official detention after

24   the imposition of the Nevada sentence should be considered as time spent fulfilling the Nevada

25   sentence. This interpretation has been followed by this court. See *Triliegi v. Rios*, 2013 U.S. Dist.

26   LEXIS 64497, *10 (E.D. Cal. May 3, 2013).

27        In addition, concurrent sentences are found to run concurrently with the remainder of an

28   undischarged term of imprisonment. See 18 U.S.C. Appx § 5G1.3(b). Petitioner's California

4

sentence was ordered to run concurrently with his earlier-imposed Nevada sentence. Petitioner had been sentenced a year prior to a term of imprisonment not yet discharged. It would not be logical to post-date the Nevada sentence because Petitioner was yet unable to be committed to BOP custody while awaiting disposition of another federal case in another state.

Therefore, Petitioner has not demonstrated that the BOP calculation of his aggregate sentence from two concurrent federal sentences was incorrect or contrary to federal law. His petition for writ of habeas corpus will be denied.

**V.      APPEALABILITY**

For the reasons set forth above, Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right [or] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Hence, the Court declines to issue a certificate of appealability.

**VI.     ORDER**

Based on the foregoing, it is ORDERED that:

1.   The petition for writ of habeas corpus is DENIED;

2.   Judgment is ENTERED for Respondent; and

3.   The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **March 29, 2016**                                     **/s/ Sandra M. Snyder**
                                                                       UNITED STATES MAGISTRATE JUDGE

5